# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEO FELIX CHARLES, | : | |
| | : | |
| Petitioner, | : | |
| | : | PRISONER CASE |
| v. | : | No. 3:09cv588 (MRK) |
| | : | |
| THERESA C. LANTZ | : | |
| and JOHN SIEMINSKI, | : | |
| | : | |
| Respondents. | : | |

## RULING AND ORDER

Petitioner Leo Felix Charles, a Connecticut inmate currently confined at the Corrigan-Radgowski Correctional Center in Uncasville, Connecticut, brings this *pro se* Petition for a Writ of Habeas Corpus [doc. # 1] pursuant to 28 U.S.C. § 2254, challenging his state court conviction. For the reasons set forth below, the Court DENIES Mr. Charles's petition.

## I.

A brief account of the facts underlying Mr. Charles's petition follows. On March 20, 1998, Mr. Charles was convicted in the Connecticut Superior Court of conspiracy to commit sale of narcotics within 1,500 feet of a school, in violation of Connecticut General Statutes §§ 53a-48(a) and 21a-278a(b); sale of narcotics within 1,500 feet of a school in violation of Connecticut General Statutes § 21a-278a(b); possession of narcotics with intent to sell within 1,500 feet of a school in violation of Connecticut General Statutes § 21a-278a(b); and failure to appear in the first degree, in violation of Connecticut General Statutes § 53a-172(a). On May 22, 1998, the trial court sentenced Mr. Charles to a total of thirty years imprisonment based on those convictions. Mr. Charles later applied to the Sentence Review Division of the Connecticut Superior Court for modification of his

sentence. On March 25, 2003, the Sentence Review Division modified Mr. Charles's original sentence to a fourteen-year term of imprisonment. Mr. Charles is currently serving that fourteen-year sentence.

Following Mr. Charles's initial sentencing by the trial court, Mr. Charles filed a direct appeal in the Connecticut Appellate Court. *See State v. Charles*, 56 Conn. App. 722 (2000) ("*Charles I*"). In his direct appeal, Mr. Charles claimed: (1) that the trial court improperly deprived him of his constitutional right to counsel; (2) that the trial court improperly charged the jury with respect to the meaning of reasonable doubt; (3) that the trial court improperly imposed a harsh and excessive sentence; and (4) that his trial counsel provided ineffective assistance. *See id.* at 724. The Appellate Court rejected Mr. Charles's deprivation of right to counsel and jury instruction claims, *see id.* at 726-27, and declined to reach Mr. Charles's other two claims, *see id.* at 728-29, affirming the judgment of the trial court. Mr. Charles sought certification to appeal to the Connecticut Supreme Court. Certification was denied. *See State v. Charles*, 252 Conn. 954 (2000) ("*Charles II*").

Mr. Charles then filed a petition for a writ of habeas corpus in the Superior Court, arguing that the trial court lacked subject matter jurisdiction because of a lack of evidence, and that it lacked subject matter jurisdiction to convict or sentence him under Connecticut General Statutes § 21a-278a(b) because he had not been charged with commission of an offense under section 21a-277 or 21a-278. *See Charles v. Warden*, No. CV00442592S, 2007 WL 2390694, at *1 (Conn. Super. Ct. Aug. 1, 2007) ("*Charles III*"). Section 21a-277 is titled "Penalty for illegal manufacture, distribution, sale, prescription, dispensing" of certain controlled substances, and section 21a-278 is titled "Penalty for illegal manufacture, distribution, sale, prescription or administration by [a] non-drug-dependent person." Section 21a-278a(b) is titled "Penalty for illegal manufacture, distribution,

2

sale, prescription or administration," and it establishes the penalty for "[a]ny person who violates [§] 21a-277 or 21a-278 . . . within [1,500] feet of . . . [an] elementary or secondary school." *See* Conn. Gen. Stat. § 21a-278a(b).

In his state habeas petition, Mr. Charles asserted that the language of the statute required that he be charged with and convicted of a violation of either section 21a-277 or 21a-278 before he could face a conviction under section 21a-278a(b). *See Charles III*, 2007 WL 2390694. at *4. Mr. Charles also argued that he had received ineffective assistance of counsel from both his trial and appellate counsel because they had failed to raise that issue. *See id.* at *1. As the state habeas court noted, Mr. Charles's third amended petition, which was the basis for the Superior Court's decision, listed eight separate grounds for relief, but "all eight counts allege[d] that the trial court lacked subject matter jurisdiction to proceed to trial because the state failed to charge the petitioner with violations of either . . . §§ 21a-277 or 21a-278." *See id.* The court held a three-day habeas trial, and ultimately denied Mr. Charles's petition. *See id.* at *4.

Mr. Charles then appealed the denial of his petition to the Connecticut Appellate Court, asking the court to consider: (1) whether the trial court erred in ruling that a defendant may be convicted and sentenced under section 21a-278a without a conviction under section 21a-277 or 21a-278; (2) whether the trial court erred in ruling that trial counsel was not ineffective for failing to move to dismiss the case on the grounds that, since the information failed to include charges under section 21a-277 or 21a-278, the court lacked jurisdiction; and (3) whether the trial court erred in ruling that appellate counsel was not ineffective for failing to raise the issue on appeal that the conviction under section 21a-278a was invalid without a conviction under either section 21a-277 or 21a-278. *See* Pet'r's Br. at ii, App. N to Mem. in Opp. [doc. # 12]. The Appellate Court affirmed

3

the Superior Court's judgment. *See Charles v. Comm'r of Correction*, 112 Conn. App. 349, 354 (2009) ("*Charles IV*"). Mr. Charles then sought certification to appeal that decision to the Connecticut Supreme Court. Certification was denied. *See Charles v. Comm'r of Correction*, 290 Conn. 922 (2009) ("*Charles V*"). Mr. Charles filed his Petition in this Court on April 13, 2009.

## II.

Under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, § 104, 110 Stat. 1214, 129, a federal court may not grant "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court" unless the state court's "decision . . . was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d); *see Yarborough v. Alvarado*, 541 U.S. 652, 655 (2004); *Portalatin v. Graham*, 624 F.3d 69, 79 (2d Cir. 2010) (en banc); *Ancona v. Lantz*, No. 3:05cv363 (MRK), 2005 WL 1554029, at *1 (D. Conn. July 5, 2005). Thus, when faced with a state prisoner's petition for a writ of habeas corpus, a federal court must ask three questions: "(1) Was the principle of the Supreme Court case law relied upon by the petitioner 'clearly established' when the state court ruled?; (2) If so, was the state court's decision 'contrary to' that established Supreme Court precedent?; (3) If not, did the state court decision constitute an 'unreasonable application' of that principle?" *Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001).

Regarding the first inquiry, only holdings of the Supreme Court, not the Second Circuit, can provide a basis for habeas relief. *See DelValle v. Armstrong*, 306 F.3d 1197, 1200 (2d Cir. 2002) ("[A]fter AEDPA, [a Second Circuit decision] cannot serve as a basis for federal habeas relief under Section 2254 [unless] it has [a] counterpart in Supreme Court jurisprudence."). Moreover, the

4

Second Circuit has instructed that "the statutory phrase 'clearly established Federal law, as determined by the Supreme Court of the United States,' refers to 'the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision.'" *Brown v. Alexander*, 543 F.3d 94, 100 (2d Cir. 2008) (citations and alteration omitted). That said, "although the Supreme Court must have acknowledged the right, it need not have considered the exact incarnation of that right or approved the specific theory in order for the underlying right to be clearly established." *Ryan v. Miller*, 303 F.3d 231, 248 (2d Cir. 2002).

The Second Circuit has explained that on the second inquiry, a state court decision is contrary to existing Supreme Court precedent when the state court decision "applies a rule of law that contradicts the governing law set forth in Supreme Court cases," or when it "confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from the Supreme Court's precedent." *Ortiz v. N.Y.S. Parole in Bronx, N.Y.*, 586 F.3d 149, 156 (2d Cir. 2009) (quotation marks, citations, and alterations omitted). "In either event, a state court ruling is 'contrary to' Supreme Court precedent only if it is 'diametrically different, opposite in character or nature, or mutually opposed' to the precedential holding." *Lurie v. Wittner*, 228 F.3d 113, 127 (quotation marks omitted) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)).

Regarding the third inquiry, as this Court discussed at length in *Ancona v. Lantz*, the Supreme Court has provided substantial guidance to lower courts about how to analyze claims under the third, "unreasonable application" inquiry. *See* 2005 WL 839655, at *3-5. In sum, two key principles emerge from the Supreme Court's decisions.

First, "a federal habeas court making the 'unreasonable application' inquiry should ask

5

whether the state court's application of clearly established federal law was objectively unreasonable." *Williams*, 529 U.S. at 409. An objectively unreasonable application of federal law is different from an incorrect or erroneous application of federal law. *See Brown v. Payton*, 544 U.S. 133, 147 (2005). As the Second Circuit has summarized, "the AEDPA standard requires 'some increment of incorrectness beyond error.'" *Christie v. Hollins*, 409 F.3d 120, 125 (2d Cir. 2005) (citations and alterations omitted).

Second, in assessing the reasonableness of a state court adjudication, the range of reasonable judgment can depend upon the nature of the rule at issue. For a specific legal rule, "the range may be narrow" – either "plainly correct or incorrect." *Yarborough*, 541 U.S. at 664. Other rules are more general, however, affording state courts "more leeway" in reaching determinations on a case-by-case basis. *See id.*

### III.

With those principles in mind, the Court turns to consider Mr. Charles's claims. Mr. Charles asserts six grounds for issuance of a writ of habeas corpus:

> (1) The sentence imposed by the trial court for each violation of Connecticut General Statutes § 21a-278a(b) was illegal, in violation of Mr. Charles's Fourteenth Amendment due process rights, because the evidence presented at trial was insufficient as a matter of law to support Mr. Charles's conviction for violations of section 21a-278a(b) since "the prosecutor failed to incorporate C.G.S. section 21a-277 or 21a-278 in the long form information upon which [Mr. Charles] had been prosecuted."
>
> (2) Mr. Charles's incarceration is illegal because the trial court lacked subject matter jurisdiction to instruct the jury on the meaning of reasonable doubt, convict him, and sentence him for the violations of section 21a-278a(b), without also charging Mr. Charles with a violation of section 21a-277 or 21a-278.
>
> (3) Mr. Charles's sentence for violation of section 21a-278a(b) was illegal, and "imposed on mandate judgment issued by a court that lacked subject matter

jurisdiction in violation of [Mr. Charles's] rights" under the Sixth and Fourteenth Amendments.

(4) The trial court lacked subject matter jurisdiction to instruct the jury on the concept of reasonable doubt, "because the crucial element of proof necessary to obtain a conviction . . . [was] not set forth in the long form information upon which [Mr. Charles] had been prosecuted, nor submitted to the jury for determination of his guilt."

(5) Mr. Charles's trial counsel provided ineffective assistance.

(6) Mr. Charles's appellate counsel provided ineffective assistance.

*See* Pet. [doc. # 1] at 9-15.

Respondent notes in passing that Mr. Charles did not exhaust his sufficiency of the evidence claim in state court. *See* Mem. in Opp. [doc. # 12] at 2, 30. But Mr. Charles did raise the substance of that claim in his state habeas petition, in his appeal of the state habeas court's decision, and in his petition for certification to the Connecticut Supreme Court seeking discretionary review of the decision of the Appellate Court. *See* Record on Appeal of the State Habeas Ct.'s Decision, App. M to Mem. in Opp. [doc. # 12]; Pet'r's Br. and App. on Appeal of the State Habeas Ct.'s Decision, App. N to Mem. in Opp. [doc. # 12]; Pet. for Certification to the Connecticut Supreme Ct., App. P to Mem. in Opp. [doc. # 12]. Mr. Charles's argument that he could not be convicted and sentenced under Connecticut General Statutes § 21a-278a(b) without a charge and conviction under either section 21a-277 or 21a-278 – which is represented in his first, second, third, and fourth claims – was presented in the Appellate Court only as a state law issue. *See Charles IV*, 112 Conn. App. at 352-55. However, because the Court ultimately finds that all of Mr. Charles's claims are without merit, the Court will address those claims notwithstanding Mr. Charles's "failure . . . to exhaust the remedies available" in state court. 28 U.S.C. § 2254(b)(2); *see Pratt v. Greiner*, 306 F.3d 1190, 1197 (2d Cir. 2002).

## A.

The first four grounds for relief that Mr. Charles asserts all turn on his argument that Connecticut General Statutes § 21a-278a(b) creates only a sentence enhancement and not a substantive offense. Because those claims involve the application of state law, they have been effectively settled by the Connecticut Appellate Court's determination that as a matter of state statutory interpretation, the sale of a controlled substance within 1,500 feet of a school is a substantive offense, not a sentence enhancement, and that there was no requirement that Mr. Charles be found guilty of a predicate offense in order to be convicted of and sentenced for violation of section 21a-278a(b). *See Charles IV*, 112 Conn. App. at 353-54. Even if this Court disagreed with the state appellate court's interpretation of section 21-278a(b), that disagreement would not be a ground for this Court to vacate Mr. Charles's sentence. "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. . . . [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Wilson v. Corcoran*, 562 U.S. ---,131 S. Ct. 13, 16 (2010) (citation and quotation marks omitted, second alteration in original).

Furthermore, even if the Court construes the first four stated grounds for relief as federal due process claims, they cannot succeed. While the Supreme Court has held that "the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged," *In re Winship*, 397 U.S. 358, 364 (1970), the question of "which acts constitute the elements of a state crime is . . . generally answerable only by the state legislature and state courts." *Ponnapula v. Spitzer*, 297 F.3d 172, 182 (2d Cir. 2002). Mr. Charles has not alleged that "the State . . . affirmatively shifted" or otherwise

misallocated the burden of proof in his case, *see Mullaney v. Wilbur,* 421 U.S. 684, 701 (1975), and there is nothing to indicate that occurred. Therefore, there is no basis for the Court to conclude that Mr. Charles's conviction or sentence violated his federal due process rights.

**B.**

With regard to his trial counsel, Mr. Charles argues that his counsel was ineffective because he did not raise the arguments about the scope and effect of section 21a-278a(b) that Mr. Charles himself raises in his Petition. Specifically, Mr. Charles faults his trial counsel for: (1) failing to argue lack of subject matter jurisdiction as a defense; (2) failing to file a motion for judgment of acquittal at the close of the prosecutor's case; (3) failing to file a motion for judgment of acquittal after the verdict; (4) failing to object at sentencing "by allowing the trial court to impose an illegal sentence"; and (5) failing to file a motion to dismiss the charges at the close of the prosecutor's case. Mr. Charles's claim that he suffered from ineffective assistance of counsel at the appellate level is based on similar allegations.

There are threshold problems with each of Mr. Charles's ineffective assistance of counsel claims. First, on the last days of his trial and at his sentencing, Mr. Charles – by his own choice – was self-represented, though the court appointed stand-by counsel. Mr. Charles waived his right to counsel on the third day of the trial, before the close of the prosecutor's case. *See* Record on Direct Appeal at 6, App. B to Mem. in Opp. [doc. # 12]; State's Br. & App. on Direct Appeal at A-27, App. E to Mem. in Opp. [doc. # 12]. Mr. Charles has not challenged the trial court's acceptance of his waiver of counsel. "One who exercises the right of self-representation cannot contend that he received ineffective assistance of counsel." *Peoples v. United States*, 403 F.3d 844, 849 (7th Cir.), *cert. denied*, 546 U.S. 935 (2005).

9

Second, in his direct appeal, in which Mr. Charles was represented by counsel, although the predicate offense argument was not raised in Mr. Charles's initial filing, it was included in a supplemental brief. *See* Pet'r's Supplemental Br. and App. on Direct Appeal at ii, 1; App. D to Mem. in Opp. [doc. # 12]. But even if the Court credits Mr. Charles's assertion that his trial and appellate counsel failed to raise the argument that section 21a-278a created only a ground for sentence enhancement, and not a substantive offense, the Connecticut Appellate Court addressed that issue as a matter of state law and resolved it against Mr. Charles.

The correct standard for analyzing Mr. Charles's ineffective assistance of counsel claims is the two-part test established in *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Supreme Court held that a defendant asserting a claim for ineffective assistance of counsel must establish: (1) that his counsel's performance "fell below an objective standard of reasonableness," and (2) that his counsel's unprofessional errors actually prejudiced the defense. *See id.* at 687-88. The Connecticut Appellate Court properly relied upon the *Strickland* framework, so its decision was not contrary to clearly established federal law. Furthermore, the Appellate Court's application of the *Strickland* framework in the context of Mr. Charles's case was not objectively unreasonable. The Appellate Court concluded that "the petitioner's trial counsel and appellate counsel were not ineffective for failing to argue that § 21a-278a(b) was a sentence enhancement and not a substantive offense" because "[s]uch arguments would not have been successful." *See Charles IV*, 112 Conn. App. at 355. Since an argument that section 21a-278a(b) did not create a substantive offense would have been fruitless, the Appellate Court concluded both that the trial and appellate counsel's assistance was not deficient, and that Mr. Charles was not prejudiced by the trial and appellate counsel's failure to make the argument that section 21a-278a(b) created only a sentence enhancement

10

and not a substantive offense. Those determinations by the Connecticut Appellate Court were not objectively unreasonable in any way.

## IV.

Having rejected each of the grounds for relief asserted in support of Mr. Charles's petition, the Court DENIES his Petition for a Writ of Habeas Corpus [doc. # 1]. Furthermore, because Mr. Charles has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. **The Clerk is directed to enter judgment for Respondent and to close this file.**

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

**Dated at New Haven, Connecticut: December 9, 2010.**